IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERIC LEWIS, | No. 2:22-CV-0191-DMC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties, ECF Nos. 4 and 8, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c); see also ECF No. 10 (minute order reassigning matter to Magistrate Judge). Pending before the Court are the parties' briefs on the merits, ECF Nos. 12 and 17.[1]

/ / /

/ / /

/ / /

---

[1] Defendant responded by way of a motion to remand for further proceedings in opposition to Plaintiff's request for a remand for payment of benefits. For the reasons discussed below, the Court issues this decision prior to the time provided for Plaintiff to reply.

1

The Court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The Court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the matter will be remanded for further proceedings.

## I. THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f). The sequential evaluation proceeds as follows:

> Step 1    Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

///

|   |   |   |
|---|---|---|
| Step 2 | | If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 3 | | If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted; |
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock

v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

## II.  THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on December 6, 2019.  See CAR 15.[2] In the application, Plaintiff claims disability began on September 9, 2019.  See id.  Plaintiff's claim was initially denied.  Following denial of reconsideration, Plaintiff requested an administrative hearing, which was held on April 13, 2021, before Administrative Law Judge (ALJ) Christopher C. Knowdell.  In a May 5, 2021, decision, the ALJ concluded Plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): diabetes mellitus; dissection of the descending thoracic aorta; hypertension; and obesity;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: medium work;

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, the claimant can perform his past relevant work.

See id. at 17-23.

After the Appeals Council declined review on December 1, 2021, this appeal followed.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[2]  Citations are to the Certified Administrative Record (CAR) lodged on May 13, 2022, ECF No. 7.

4

### III. DISCUSSION

In his opening brief, Plaintiff argues the ALJ erred in concluding his impairment fails to satisfy Listing 4.10.

The Social Security Regulations "Listing of Impairments" is comprised of impairments to fifteen categories of body systems that are severe enough to preclude a person from performing gainful activity. Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). Conditions described in the listings are considered so severe that they are irrebuttably presumed disabling. 20 C.F.R. § 404.1520(d). In meeting or equaling a listing, all the requirements of that listing must be met. Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir. 1985).

At Step 3, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." CAR 18. Specifically, the ALJ found:

> The claimant's impairments do not meet or equal the aneurysm of aorta or major branches listing 4.10, as the medical records have not revealed appropriate medically acceptable imaging with dissection not controlled by prescribed treatment. Furthermore, the medical record does not reflect the persistence of chest pain.

Id.

Plaintiff argues that his case meets Listing 4.10 relating to aneurysm of the aorta. See ECF No. 12, pgs. 5-7. According to Plaintiff:

> . . . [T]he ALJ ignored that a confirmed aneurysm of the aorta, with dissection, that has increased in size meets the explicit requirements of Listing 4.10. *Id.*; *see also*, *Carr v. Saul*, no. 7:18-cv-204-BO, 2020 WL 241567 at *2 (E.D. N.C. Jan. 14, 2020) [remanding for an award of benefits where claimant's aortic aneurysm with dissection increased in size]; *Kemnitz v. Astrue*, no. 12-cv-00285-SRN-LIB, 2013 WL 791840 at *4-5 (D. Minn. March 4, 2013) [same].
> Listing 4.10 states, in full: "Aneurysm of aorta or major branches, due to any cause (e.g., atherosclerosis, cystic medial necrosis, Marfan syndrome, trauma), demonstrated by appropriate medically acceptable imaging, with dissection not controlled by prescribed treatment (see 4.00H6)." 20 C.F.R. Part 404, Subpart P, App. 1, § 4.10.

///

Section 4.00H6 of the Listings states, in full:

> When does an aneurysm have 'dissection not controlled by prescribed treatment,' as required under 4.10? An aneurysm (or bulge in the aorta or one of its major branches) is dissecting when the inner lining of the artery begins to separate from the arterial wall. *We consider the dissection not controlled when you have* persistence of chest pain due to progression of the dissection, *an increase in the size of the aneurysm*, or compression of one or more branches of the aorta supplying the heart, kidneys, brain, or other organs. An aneurysm with dissection can cause heart failure, renal (kidney) failure, or neurological complications. If you have an aneurysm that does not meet the requirements of 4.10 and you have one or more of these associated conditions, we will evaluate the condition(s) using the appropriate listing.

*Id*., § 4.00H6 [emphasis added]. Plaintiff's evidence establishes that he has an aortic aneurysm with dissection, which through April 2020, grew in size from 4.6 centimeters to 5.3 centimeters since diagnosis, according to repeat CT scans interpreted by treating specialists. AR 326-328, 356, 315-319, 464-465.

The ALJ, however, inexplicably stated "the medical records have not revealed appropriate medically acceptable imaging with dissection" without any mention of the records showing exactly that. AR 18. There is no basis that CT scans, summarized by two different specialists, are not "medically acceptable imaging," and the ALJ made no effort to explain this bare, unsupported conclusion. *See*, *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) [citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ["We are constrained to review the reasons the ALJ asserts."]. Moreover, those CT scans, according to specialists who the ALJ is not qualified to disbelieve, plainly show Plaintiff suffers from a dissected aortic aneurysm that has grown bigger over a period approaching two years. *See*, *Banks v. Barnhart*, 434 F.Supp.2d 800, 805 (C.D. Cal. 2006) ["ALJ cannot arbitrarily substitute his own judgment for competent medical opinion [], and he must not succumb to the temptation to play doctor and make his own independent medical findings."] [internal quotation marks omitted]. Even the ALJ himself, elsewhere in the decision, acknowledged the aneurysm's increased size. *See*, AR 20 ["He was noted to have aneurysm [*sic*] grow by 5mm in the past year."]. The issue is therefore effectively undisputed, and the ALJ's inconsistent reasoning, contradicting the step three denial, is improper.

Lastly, to deny Plaintiff is disabled under the Listings, the ALJ attempted to misconstrue the Commissioner's regulation and arbitrarily impose a strict requirement that the evidence "reflect the persistence of chest pain." AR 18. But again, to demonstrate that his aneurysm is "not controlled by prescribed treatment," Section 4.00H6 states this requirement is also be met upon radiology examinations showing the

///

///

aneurysm has increased in size. The ALJ's outcome-driven refusal to consider the alternative grounds to satisfy Section 4.00H6 is an obvious legal error.

ECF No. 12, pgs. 5-7.

Defendant responds to Plaintiff's argument by way of a motion for remand for further proceedings. In so doing, Defendant concedes that the ALJ erred in evaluation of Plaintiff's claim. The issue in dispute is whether the matter should be remanded for an award of benefits, as Plaintiff requests, or for further proceedings, as Defendant requests. Based on Plaintiff's argument on the merits, the Court finds that remand for further proceedings is appropriate. According to Plaintiff, the ALJ erred by not providing explanation for the conclusion that the Listings were not satisfied. Thus, the error can best be cured by allowing the Commissioner to explain why, in light of the evidence Plaintiff cites, Plaintiff should not be found disabled by way of application of the Listings.

## IV.  CONCLUSION

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and/or further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 12, is granted;

2. Defendant's motion for remand for further proceedings, ECF No. 17, is granted;

3. The Commissioner's final decision is reversed and this matter is remanded for further proceedings consistent with this order; and

4. The Clerk of the Court is directed to enter judgment and close this file.

Dated:  December 27, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE